UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 13-00753-EMC |
| Plaintiff, | |
| v. | DETENTION ORDER |
| IVAN SPEED, | |
| Defendant. | |

This matter came before this Court on December 17, 2013 for a detention hearing. Ivan Speed is charged in a single count indictment with selling crack cocaine within 1000 feet of a San Francisco elementary school in violation of 21 U.S.C. § 841(a)(1) and 860. Upon consideration of the pretrial services report, and the proffers of the government and the defendant at the hearing, the Court finds that defendant has failed to rebut the presumption that there is no condition or combination of conditions that will reasonably assure the defendant's appearance as required and the safety of the community.

**REASONS FOR DECISION**

I.  APPLICABLE STANDARD OF REVIEW AND BURDEN OF PROOF

Section 3142(e) of Title 18 provides that:

(1) If, after a hearing pursuant to the provision of subsection (f) of Title 18, United States

Code, Section 3142, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

(2)  Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial finds that there is probable cause to believe that he person committed --

(3)  an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. Sec. 3142(e)(1) & (3)(A).  This presumption applies to the defendant.

II.   NO CONDITIONS OF RELEASE EXIST TO ENSURE APPEARANCE OR PUBLIC SAFETY

Based on the proffers and argument presented at the December 17, 2013 hearing, along with the information in the pretrial services report, the Court finds that Defendant has failed to rebut the presumption that there is no condition or combination of conditions of release that will assure the public's safety or ensure his appearance as required.

First, Defendant's criminal history demonstrates a danger to the community and a risk of non-appearance.  He had several, repeated juvenile arrests.  As an adult he also has had repeated arrests, some leading to convictions.  Most significantly, he was charged in August 2007 with attempted murder and was ultimately convicted of felony assault on a person with a firearm.  That Defendant was not the actual shooter does not mitigate his involvement with this violent felony.  He was also arrested and charged for possessing a gun and using it in a robbery in May 2012 incident.  Further, three bench warrants were issued following the 2008 conviction: April 2009, July 2009, and April 2010.

Second, Defendant does not have stable employment.  Although he is 26 years old, his only employment as an adult lasted just two months in 2006.

Third, his mental health issues, as demonstrated by his time in custody at the Napa State Hospital and pre-trial's interviews with his family present further risk.

Fourth, his gambling habit also aggravates his risk of non-compliance with the terms of any release as he does not appear to have any lawful means of earning the money which he spends on

gambling. His knowing use of prescription drugs without a prescription further demonstrates his willingness to repeatedly break the law.

Fifth, Defendant's proposed conditions of release are inadequate.  Defendant's mother is not an appropriate custodian given that the criminal history recounted above all occurred while Defendant was living with his mother.  In light of Defendant's history, home confinement with electronic monitoring is not sufficient.

III.     CONCLUSION

Accordingly, the Court finds that Defendant has failed to rebut the presumption that there are no conditions or a combination of conditions that will assure the public's safety and his appearance as required. 18 U.S.C. Sec. 3142(e)(1) & (3)(E).  Defendant shall be shall be detained until further notice.

IT IS SO ORDERED.

DATED:  Dec. 17, 2013

_____
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge