United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN SPEED,<br><br>Defendant. | Case No.: CR 13-00753-EMC (JSC)<br>CR 14-00119-CRB (JSC)<br><br>**ORDER DENYING APPLICATION FOR MODIFICATION OF DETENTION ORDER** |

Defendant Ivan Speed is charged in CR 13-00753-EMC with possession of a controlled substance with intent to distribute and distribution in violation of 21 U.S.C. Sections 841(a)(1) and 860. In addition, Defendant is charged in CR 14-00119-CRB with being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g)(1), and obstruction of justice in violation of 18 U.S.C. Section 1503. On December 17, 2013, the Court ordered Defendant detained pending trial finding him to be a flight risk and danger to the community. (Dkt. No. 8.) On March 20, the Court denied on the same grounds Defendant's renewed request for release.

On April 1, 2014, Defendant applied for modification of his detention to allow for a temporary release from custody so that he can be present for the birth of his child. (Dkt. No. 29.) Specifically, Defendant asks that he be released on April 13, 2014, five days prior to the April 18 due

United States District Court
Northern District of California

date. Defendant proposes to surrender to the custody of the United States Marshals no later than five days after the birth of his child. The Government filed its Opposition on April 7, 2014. (Dkt. No. 30.) Upon consideration of the papers submitted, as well as the evidence, argument and proffers made at the previous detention hearings, the Court denies the request finding that Defendant represents a risk of flight or danger to the community if released.

**REASONS FOR DECISION**

I. APPLICABLE STATUTORY AUTHORITY

Section 3142(e) of Title 18 provides that:

(1) If, after a hearing pursuant to the provision of subsection (f) of Title 18, United States Code, Section 3142, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

(2) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial finds that there is probable cause to believe that the person committed –

(3) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. Sec. 3142(e)(1) & (3)(A).

Section 3142(i) of Title 18 provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

II. NO CONDITIONS OF RELEASE EXIST TO ASSURE APPEARANCE OR PUBLIC SAFETY

The following facts establish that Defendant poses a substantial risk of flight and danger to any other person and the community if he is released thus precluding his temporary release from detention pursuant to Section 3142(i).

Defendant's conduct charged in the present cases is cause for concern. First, the firearm and obstruction of justice charges stem from an armed robbery during which Defendant offered to pay a witness to hide the firearm. The trafficking offense carries a maximum term of imprisonment of 40 years and a mandatory minimum term of 1 year, a $2,000,000 fine, and at least 6 years to life on supervised release. The possession of a firearm and obstruction of justice offenses each carry a maximum term of 10 years, a $250,000 fine, and 3 years on supervised release. Based on Defendant's extensive criminal history coupled with the substantial term of imprisonment Defendant faces if convicted of the various charges against him, the Court finds Defendant is a significant flight risk.

Defendant's criminal history further indicates a risk of non-appearance, as well as a potential risk of danger to the community. In addition to his multiple juvenile arrests, Defendant has seven felony convictions as an adult, including: (1) accessory to assault with a dangerous weapon in or about July 1996, which resulted in a sentence of 2 years' imprisonment, (2) vehicle theft in or about June 2002, which resulted in a sentence of 2 years' imprisonment, (3) receipt of stolen property in or about December 2005, which resulted in a sentence of 2 years' imprisonment, (4) possession of a controlled substance while armed in or about February 2008, which resulted in a sentence of 3 years' imprisonment, (5) possession of a controlled substance in or about February 2011, which resulted in a sentence of 223 days' jail and 3 years' probation, (6) carrying a concealed weapon in or about January 2012, which resulted in a sentence of 16 months' imprisonment, and (7) possession of a controlled substance for sale in or about March 2013, which resulted in a sentence of 16 months' imprisonment. Most significantly, in August 2007, Defendant was charged with attempted murder and was ultimately convicted of felony assault on a person with a firearm. Three bench warrants were issued following the 2008 conviction: April 2009, July 2009, and April 2012. In addition, Defendant has violated parole no fewer than 12 times from September 1997 through November 2011.

Defendant asserts that the proposed conditions of temporary release, such as a custodian and restrictions from travel into San Francisco, would ensure the safety of the community. In light of his criminal history and his demonstrated difficulty complying with judicial supervision, the Court is not convinced that the proposed conditions—or any other combination of conditions—would prevent

Defendant from continuing to commit serious crimes or guarantee that he would comply with the terms of release. Furthermore, Defendant's mother, the proposed custodian, is not an appropriate custodian given that the criminal history recounted above occurred while Defendant was living with his mother in Oakland.

III. CONCLUSION

Accordingly, the Court finds that Defendant is a flight risk and poses a danger to the community. Defendant's application for modification of the detention order is denied.

**IT IS SO ORDERED.**

Dated: April 10, 2014

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE