IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN SPEED,<br><br>Defendant. | Case No.: CR 13-00753-EMC (JSC)<br>CR 14-00119-CRB (JSC)<br><br>**ORDER DENYING APPLICATION FOR MODIFICATION OF DETENTION ORDER** |

Defendant Ivan Speed is charged in CR 13-00753-EMC with possession of a controlled substance with intent to distribute and distribution in violation of 21 U.S.C. Sections 841(a)(1) and 860. In addition, Mr. Speed is charged in CR 14-00119-CRB with being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g)(1), and obstruction of justice in violation of 18 U.S.C. Section 1503. On December 17, 2013, the Court ordered Mr. Speed detained pending trial finding him to be a flight risk and danger to the community. (Dkt. No. 8.) On March 20, the Court denied on the same grounds Mr. Speed's renewed request for release.

On April 1, 2014, Mr. Speed applied for modification of his detention to allow for a temporary release from custody so that he can be present for the birth of his child. (Dkt. No. 29.) Specifically, Mr. Speed asks that he be released on April 13, 2014, five days prior to the April 18 due

date. Mr. Speed proposes to surrender to the custody of the United States Marshals no later than five days after the birth of his child.

The Government filed its Opposition on April 7, 2014 (Dkt. No. 30), and the Court issued its Order denying Mr. Speed's request on April 10, 2014. (Dkt. No. 32.) The Government subsequently realized the Opposition contained factual errors concerning Mr. Speed's criminal history, and filed a Corrected Opposition to Mr. Speed's Motion on April 10, 2014. (Dkt. No. 33.) Upon consideration of Mr. Speed's Motion and the Government's Corrected Opposition, as well as the evidence, argument and proffers made at the previous detention hearings, the Court denies the request finding that Mr. Speed represents a risk of flight or danger to the community if released.

## REASONS FOR DECISION

I. APPLICABLE STATUTORY AUTHORITY

Section 3142(e) of Title 18 provides that:

(1) If, after a hearing pursuant to the provision of subsection (f) of Title 18, United States Code, Section 3142, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

(2) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial finds that there is probable cause to believe that the person committed –

(3) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. Sec. 3142(e)(1) & (3)(A).

Section 3142(i) of Title 18 provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

## II. NO CONDITIONS OF RELEASE EXIST TO ASSURE APPEARANCE OR PUBLIC SAFETY

The following facts establish that Mr. Speed poses a substantial risk of flight and danger to any other person and the community if he is released thus precluding his temporary release from detention pursuant to Section 3142(i).

Mr. Speed's conduct charged in the present cases is cause for concern. First, the firearm and obstruction of justice charges stem from an armed robbery during which Mr. Speed hid the firearm in a public place and attempted to bribe a witness to hide it. The trafficking offense carries a maximum term of imprisonment of 40 years and a mandatory minimum term of 1 year, a $2,000,000 fine, and at least 6 years to life on supervised release. The possession of a firearm and obstruction of justice offenses each carry a maximum term of 10 years, a $250,000 fine, and 3 years on supervised release. Based on Mr. Speed's extensive criminal history coupled with the substantial term of imprisonment Mr. Speed faces if convicted of the various charges against him, the Court finds Mr. Speed is a significant flight risk.

Mr. Speed's criminal history further indicates a risk of non-appearance, as well as a potential risk of danger to the community. In addition to his multiple juvenile arrests, Mr. Speed has demonstrated a pattern of recidivism and failure to obey court orders as an adult. In December 2006, Mr. Speed was convicted of misdemeanor possession of a controlled substance, which resulted in a sentence of 3 days' jail and 36 months' probation. In May 2009, Mr. Speed was convicted of felony possession/purchase of cocaine base for sale, which resulted in a sentence of 90 days' jail and 3 years' probation. Further, Mr. Speed was arrested in July 2009 for possession/purchase of cocaine base for sale and in April 2010 for transportation/sale of a controlled substance; the prosecuting authority sought to revoke his probation subsequent to each arrest. Most significantly, in August 2007, Mr. Speed was charged with attempted murder and was ultimately convicted in 2008 of felony assault on a person with a firearm. Four bench warrants were issued following the 2008 and 2009 convictions: April 2009, two in July 2009, and April 2010.

Mr. Speed asserts that the proposed conditions of temporary release, such as a custodian and restrictions from travel into San Francisco, would ensure the safety of the community. In light of his criminal history and his demonstrated difficulty complying with judicial supervision, the Court is not

convinced that the proposed conditions—or any other combination of conditions—would prevent Mr. Speed from continuing to commit serious crimes or guarantee that he would comply with the terms of release.  Furthermore, Mr. Speed's mother, the proposed custodian, is not an appropriate custodian given that a substantial portion of the criminal history recounted above occurred while Mr. Speed was living with his mother in Oakland.

### III.   CONCLUSION

The Court respects Mr. Speed's desire to be with his girlfriend for the birth of their child.  At this time, however, Mr. Speed is facing serious felony charges, including a gun charge, and there is nothing in the record that suggests that under the conditions proposed here he will comply with the terms of his release given that under similar circumstances in the past he has been unable or unwilling to comply with the law.  Accordingly, the Court finds that Mr. Speed is a flight risk and poses a danger to the community.  Mr. Speed's application for modification of the detention order is denied.

**IT IS SO ORDERED.**

Dated: April 14, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE