UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>IVAN SPEED,<br><br>    Defendant.<br>_____/ | No. CR-13-0753 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH**<br><br>**(Docket No. 61)** |

    April 28, 2014, Defense counsel issued a subpoena on the California Department of Justice seeking copies of the criminal history summary records of the confidential informant in this case. *See* Docket No. 61-1. On May 9, 2014, the government moved to quash the subpoena, contending that it was improperly issued and "it merely seeks informant [sic] that has already been provided to the defense." Docket No. 61.

    The government "may have standing to move to quash a subpoena if it seeks privileged material or material in which the government has a proprietary interest, or if production of the subpoenaed material might unduly lengthen the trial, harass a witness, or cause too much emphasis to be placed on a witness's credibility." *United States v. Ortiz*, No. C 12-00119 SI, 2013 WL 6842559, at 2 (N.D. Cal. Dec. 27, 2013). The government does not assert any such basis for moving to quash the subpoena. Rather, it argues that the subpoena in question was "issued for an improper fishing expedition and, if enforced, would undermine well-established rules and laws relating to criminal discovery and disclosures." Docket No. 61, at 2. However, this argument is insufficient to confer standing. *See Ortiz*, 2013 WL 6942559, at 2 ("[T]he government argues that it has an interest in ensuring that defendants properly comply with Federal Rule of Criminal Procedure 17(c). This is

not a legitimate interest that would confer standing upon the government."). In any event, the confidential informant's rap sheet is relevant and the subpoenaed party has not moved to quash.

The motion to quash is **DENIED**. This order disposes of Docket No. 61.

IT IS SO ORDERED.

Dated: May 13, 2014

_____
EDWARD M. CHEN
United States District Judge