1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

IVAN SPEED,

       Defendant.

_____/

No. CR-13-0753 EMC

**ORDER REGARDING CONFIDENTIAL
INFORMANT DISCOVERY**

**(Docket No. 55)**

On March 26, 2014, the Court issued an order granting Defendant's motion for disclosure of information regarding the confidential informant in this case. Docket No. 27. This order required the government to provide (1) the confidential informant's name; (2) materials regarding the confidential informant's history of cooperation with the government; (3) the cooperation agreement in place between the informant and the government relating to this case; and (4) materials relating to the background and history of the confidential informant. *Id.* at 1-2. This information was ordered to be produced no less than 45 days before the June 4, 2014 trial date. *Id.* at 2.

On April 17, May 5, and May 8, 2014 the government provided Defendant with letters which: (1) provided the name of the confidential informant; (2) stated the agencies with which the confidential informant has cooperated; (3) stated the total financial payments the confidential informant has received through his various agreements (including the amount of money he was paid for participating in this case); (4) stated that the confidential informant had received no sentencing leniency for his cooperation; (5) disclosed that the confidential informant had admitted to drug use

**United States District Court**
For the Northern District of California

1  in the past (and generally described that drug use); and (6) attached copies of the confidential

2  informant's criminal history summary.

3      On May 7, 2014, the parties filed a letter brief with the Court setting forth a dispute

4  involving the scope of the government's confidential informant disclosure.  Specifically, Defendant

5  seeks full disclosure of the confidential informant file on the basis that the government's letters were

6  untimely and are "worthless from an evidentiary standpoint, because the information contained in

7  the letters is from unknown sources."  Docket No. 60, at 4.

8      "*Brady* [*v. Maryland*, 373 U.S. 83 (1963)], does not grant criminal defendants unfettered

9  access to government files."  *United States v. Phillips*, 854 F.2d 273, 277 (7th Cir. 1988).  Requests

10 by a criminal defendant to access a confidential informant file implicates competing interests – the

11 defendant's "expanded discovery rights under *Brady*" and the government's "substantial interest in

12 maintaining the secrecy of its files."  *Id.*  Accordingly, "when a criminal defendant seeks to discover

13 information contained in confidential government files, the trial court must balance the competing

14 interests of the defendant and the government in deciding whether and in what form such discovery

15 will be allowed."  *Id.*; *see also United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000)

16 (requiring the Court to balance the interests of the defendant and government in determining

17 whether to order disclosure of a confidential informant's identity).  Thus, "whether to conduct an *in

18 camera* review of government files . . . , whether to require discovery of materials contained therein,

19 and in what form such materials should be produced are committed to the sound discretion of the

20 district judge."  *Phillips*, 854 F.2d at 277.

21      Pursuant to the Court's May 7, 2014, order, the government has provided the Court with a

22 copy of the confidential informant's: (1) Drug Enforcement Administration file; (2) Federal Bureau

23 of Investigation file; and (3) City of Vallejo Police Department file.  The Court has reviewed these

24 files *in camera*.  Based on the Court's review, The Court concludes that the files do not contain any

25 relevant information under *Brady* or *Giglio v. United States*, 405 U.S. 150 (1972), other than what

26 the government has disclosed in its letters.

27      The Court notes that in *Phillips*, the Seventh Circuit found that a government's summary of a

28 confidential informant's file, together with the district court's *in camera* review of the file to ensure

**United States District Court**
For the Northern District of California

1   the summary's accuracy "fully protected" the defendant's *Brady* rights.  *See Phillips*, 854 F.2d at

2   278.  At the same time, the Court is cognizant of Defendant's rights under the Confrontation Clause

3   to effectively cross-examine witnesses against him.  *See United States v. Kohring*, 637 F.3d 895 (9th

4   Cir. 2010).  Accordingly, the Court will exercise its discretion and order the government to provide

5   the following materials from the confidential informant's file:

6       • Documents which established the confidential informant's
          relationship with a law enforcement agency.  By way of
7         example: "Opening a Criminal Informant Suitability Inquiry"
          forms in the FBI file or "Confidential Source Establishment"
8         forms in the DEA file (i.e., Form DEA 512) or similar
          documents used by other law enforcement agencies.

9

10      • The initial agreements signed by the confidential informant
          with the law enforcement agency.  By way of example:
          Confidential Source Agreements (Form DEA-473) or similar
11        forms used by other law enforcement agencies.

12      • The periodic assessments of the confidential informants's
          suitability.  By way of example: Continuing Confidential
13        Informant Suitability Report and Recommendation forms,
          yearly review memoranda, or risk assessment forms in the FBI
14        and DEA file.

15      The government shall conduct a review of all files pertaining to the confidential informant

16  and shall provide Defendant (and the Court) copies of all documents fitting into one of the above

17  categories no later than **Monday, May 19, 2014, at 12:00 Noon.**  The government's disclosure

18  obligation shall be a continuing one.  To the extent it receives additional files relating to the

19  confidential informant from any law enforcement agency (state, local, or federal), it will

20  immediately review such files and disclose copies of the above documents to Defendant (and the

21  Court).  The government may redact any identifying information pertaining to third parties.

22      In addition to the above documents, the government shall provide Defendant with a detailed

23  summary of the payments the confidential informant received from the various law enforcement

24  agencies in exchange for his services.  This summary shall indicate: (1) the date of the payment, (2)

25  the amount of the payment; and (3) the agency providing the payment.  This summary shall be

26  provided to the Defendant (with a copy to the Court) no later than **Monday, May 19, 2014, at 5:00**

27  **p.m.** The government shall by said date also summarize the number of controlled buys in which the

28

3

confidential informant participated within 30 days before and after the subject transaction.  That summary will be provided to Defendant and the Court.

The government shall file with the Court a copy of the documents and summary ordered disclosed above.  This order disposes of Docket No. 55.

IT IS SO ORDERED.

Dated:  May 13, 2014

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

4