UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>IVAN SPEED,<br><br>    Defendant.<br>_____/ | No. CR-13-0753 EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL; AND GRANTING DEFENDANT'S MOTION TO CONTINUE SENTENCING HEARING**<br><br>**(Docket Nos. 152, 154)** |

    Defendant Ivan Speed has moved for a new trial on his drug conviction and further moved to continue the sentencing hearing for that conviction. This order memorializes the rulings that the Court made at the hearing on the motions held on May 15, 2015.

    Mr. Speed's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 is **DENIED**. Although Mr. Speed has pointed to newly discovered evidence, he has not established at this point that he would "probably be acquitted in a new trial" because of that evidence. *United States v. King*, 735 F.3d 1098, 1108 (9th Cir. 2013). There is an insufficient connection between the newly discovered evidence actually proffered at this point and his case. For example, there is nothing to indicate that the officers who exchanged the racist texts were officers involved in his arrest; and evidence that is "merely impeaching" is not enough to support a Rule 33 motion. The denial, however, is without prejudice should Mr. Speed uncover additional evidence to support a new Rule 33 motion. The Court notes that there is an ongoing investigation in the coordinated

"Operation of Safe Schools" ("OSS") cases of which Mr. Speed's case is a part. A renewed Rule 33 motion may need to await developments therein.

As to Mr. Speed's contention that the newly discovered evidence should still allow him to bring a motion to dismiss pursuant to Rule 12, such a motion seems premature at this stage, as discussed at the status conference on the coordinated OSS cases. Absent evidence establishing a constitutional violation warranting dismissal, a Rule 12 motion is not likely to succeed. But because there may be grounds for either a new Rule 33 motion or a Rule 12 motion based on what is learned from the investigation in the OSS cases, the Court agrees with Mr. Speed that a continuance of his sentencing in his drug case is appropriate.[1] The Court notes that as discussed at the hearing, there may be an issue as to the timing of a Rule 12 motion. *See* Fed. R. Crim. P. 12(b)(3) (providing that a motion claiming a defect in instituting the prosecution – including selective or vindictive prosecution – must be made before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits"; adding that, "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely [b]ut a court may consider the defense, objection, or request if the party shows good cause"). Mr. Speed indicated an intent to bring a motion to preserve and possibly have adjudicated the good cause issue.

Mr. Speed's motion to continue the sentencing hearing (for his drug case only) is **GRANTED**.

This order disposes of Docket Nos. 152 and 154.

IT IS SO ORDERED.

Dated: May 15, 2015

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court, however, shall still proceed with sentencing on Mr. Speed's unrelated gun conviction, particularly in light of the government's representation that it will not make any argument that the drug case impacts his sentencing in the gun case.

2